## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MISTI PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 2:17-CV-01569-SGC |
| v. ) | |
| ) | |
| AD ASTRA RECOVERY SERVICE, ) | |
| SPEEDY CASH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Comes now the Plaintiff, Misti Patterson, by and through her attorney of record, and in response to Defendants AD Astra Recovery Service and Speedy Cash's Rule 12(b)(6), Fed.R.Civ.P., Motion to Dismiss, moves this Honorable Court to deny said Motion, as the Complaint states claims upon which relief may be granted, and in support thereof, says as follows:

1. First and foremost, although recognizing that this Court must take the facts stated in the Complaint as true on a Rule 12(b)(6) motion to dismiss, the Defendants nonetheless attempt to add a fact to the Complaint which is in complete disregard of the actual statement of the facts as set forth in that same Complaint. (See, Defendants' Motion to Dismiss, pg. 2).

2. In particular, Defendants' state: "Rather than working with Speedy Cash and Ad Astra to determine whether the loan was, indeed, obtained by an identity theft,

Plaintiff filed this lawsuit alleging claims ranging from negligence to violation of RESPA. (See id. ¶¶ 10-26)." (Def. Motion, pg. 2).

3.  *In absolute, direct contradiction to this statement*, however, the Complaint states, in no uncertain terms, that the Plaintiff and her attorney sent numerous written communications to Defendant Speedy Cash disputing said debt as obtained by identity theft, but that Defendant Speedy Cash nonetheless failed to verify the debt, turned over said debt to Defendant Ad Astra, a collection agency, without informing said Defendant that the debt was disputed, and that both or either Defendant Speedy Cash or Ad Astra issued credit reports on said disputed debt which harmed to Plaintiff's credit rating causing damage. (See, Complaint ¶ 5-9). Such allegations are sufficient to state a claim under each and every count contained in the Plaintiff's Complaint, as shown below.

4.  First, despite Defendants' assertions to the contrary, Count I of the Complaint states valid violation of §1692g and §1692e of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692, *et seq.* Section 1692g(b) of the FDCPA forbids collection efforts where a debt is disputed without verifying said debt, while §1692e(8) of the FDCPA forbids failing to communicate that a debt disputed. The case of *Quale v. Unifund CCR Partners*, 682 F.Supp.2d 1274 (S.D. Ala. 2010), is directly on point.

   a.  There, in denying a motion to dismiss by an original credit and debt collector defendant, the court held "that Plaintiff's allegations that Defendant, after receiving Plaintiff's request for verification, failed to verify the debt and, instead, reported it to Experian and Innovis without notifying the agencies that the debt was disputed, are sufficient, at this stage of the proceedings, to state a claim under §1692g(b) of the FDCPA." *Quale v. Unifund CCR Partners*, 682 F.Supp.2d 1274, 1278-79 (S.D.

Ala. 2010) (citing and adopting the Sixth Circuit Court of Appeals' reasoning in *Purnell v. Arrow Fin. Servs., LLC*, 303 Fed.Appx. 297 (6th Cir. 2008)); *See also*, Complaint, ¶10-12.

  b. The court in *Quale* further held that, where the complaint states, as here, that a debt collector communicated credit information that was known or should have been known to be false, including failing to communicate that a debt is disputed, such "allegations are sufficient to state a claim for violation of §1692e of the FDCPA." *Quale v. Unifund CCR Partners*, 682 F.Supp.2d at 1280-81; *See also*, Complaint, ¶10-12.

  c. In addition, the Defendants allege that Plaintiff's Complaint fails to state a claim under the FDCPA because the Complaint fails to allege that Defendants are "debt collectors," that the Plaintiff is a "consumer," and Defendants seek to enforce a "debt," as those terms are defined under the FDCPA. As to the allegation that the Complaint fails to state that Defendant Speedy Cash is a "debt collector," as that term is defined in 15 U.S.C. §1692a(6) of the FDCPA, Plaintiff agrees that the Complaint is due to be amended to allege that Defendant Speedy Cash is a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. §1692a(6); *See also, Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238 (11th Cir. 2012); *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012).

Therefore, Defendants' Rule 12(b)(6) Motion to Dismiss is due to be denied by this Honorable Court, as the Complaint states a viable claim under the FDCPA.

  5. Plaintiff avers that the Defendants' actions, although volatile under the FCRA, does not create a private cause of action. Although Plaintiff is reporting the

circumstances herein to State and Federal authorities for the purposes of bring an action to re-duress these wrongs, the Plaintiff nonetheless recognizes that no private cause of action exists here for Defendants' wrongs under the FCRA.

6. Contrary to Defendants' assertions as to Count II of the Complaint, the Plaintiff does state a viable cause of action for negligence, which is not preempted by the FCRA. The Complaint states that the Defendant Speedy Cash has a duty to verify that the Plaintiff or anyone else is actually the person seeking the loan and not to permit identity theft; that the Defendant Speedy Cash failed at this duty, in that Defendant, knowing that the Plaintiff was not from and never associated with the State of California as shown by the Plaintiff's credit information, and that the person seeking the loan was seeking the same from and the proceeds of the loan were sent to California, nonetheless made a loan to said identity theft perpetrator; and that the breach of this duty proximately caused damage to the Plaintiff. (See, Complaint, ¶ 13-19). Furthermore, the above allegations are not preempted by the FCRA, as they do not result from the failure to report accurate information or to correct incorrect information furnished to credit reporting agencies. See, 15 U.S.C. §1681s-1 and §1681s-2. Thus, the Complaint states a valid claim for negligence.

7. Finally, the Plaintiff agrees that the RESPA claim is due to be dismissed.

8. In addition, the Plaintiff notes that, should this Honorable Court dismiss the FDCPA claim against the named Defendants herein, this matter is due to be transferred back to State court for proceedings consistent with State law.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Honorable Court deny the Defendants' Rule 12(b)(6) Motion to Dismiss as to Count I and II of the Complaint filed herein for the reasons stated above.

_____
JON B. TERRY
ATTORNEY FOR PLAINTIFF

OF COUNSEL:
BAINS & TERRY
1813 Third Avenue North
Bessemer, AL 35020
Telephone: (205) 425-1606
Facsimile: (205) 426-3200
Email: bainsjbt@bellsouth.net

## CERTIFICATE OF SERVICE

This is to certify that on this the 3rd day of October, 2017, a copy of the foregoing document has been served via E-File upon counsel of record listed below:

Tina Lam, Esquire
Neal D. Moore, III, Esquire
Ferguson Frost Moore & Young, LLP
1400 Urban Center Drive-Suite 200
Birmingham, AL 35242

_____
JON B. TERRY