FILED
2018 Jun-04 AM 11:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MISTI PATTERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 2:17-cv-01569-SGC |
| AD ASTRA RECORVERY SERVICE, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Misti Patterson originally filed this action in the Bessemer Division of the Circuit Court of Jefferson County, Alabama, against Defendants Ad Astra Recovery Services, Inc. ("Ad Astra"), and Speedy Cash, along with several unnamed defendants, alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), the Real Estate Settlement Procedures Act ("RESPA"), and state common law. (Doc. 1-1). Defendants removed the case to federal court asserting federal question jurisdiction. (Doc. 1). Defendants then filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5). The motion has been fully briefed and is now under submission. (Docs. 5-1, 8, 14). For the following reasons, the motion is due to be granted in part and denied in part.

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 10).

## I. FACTUAL ALLEGATIONS

Patterson alleges "[o]n dates prior hereto," Defendant Speedy Cash sent her a letter demanding she make payments on a loan. (Doc. 1-1 at 4). Patterson contends she did not take out a loan with Speedy Cash and communicated this fact to Speedy Cash on numerous occasions. (*Id*. at 4-5). She states "additional letters were written trying to resolve this issue and upon reviewing documentation presented," Patterson concluded the loan was a result of identity theft occurring in the State of California. (*Id*. at 5).

Although Patterson notified Speedy Cash about the identity theft, "Speedy Cash continued their activities of trying to force the Plaintiff to make payments on a debt she did not incur." (*Id*.). Speedy Cash then hired Ad Astra to attempt to collect the debt. (*Id*.). Further, despite knowing the debt was disputed and "having information before it that should have told a reasonable person that this particular Plaintiff was not the person who made this debt to Speedy Cash," Defendants reported the debt to credit agencies, including TransUnion and Equifax. (*Id*.).

Plaintiff alleges the actions of Defendants substantially impaired her ability to borrow funds and caused her to pay higher interest rates when she did borrow money. (*Id*.).

## II. STANDARD OF REVIEW

Defendants move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes the dismissal of all or some of the claims in a complaint if the allegations fail to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008) (per curiam). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Nor is it proper to assume the plaintiff can prove facts he has not alleged or that the defendants have violated the law in ways that have not been alleged. *Twombly*, 550 U.S. at 563 n.8 (citing

*Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, 550 U.S. at 555 (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citations omitted). In other words, its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

In her opposition brief, Plaintiff concedes her claims under the FCRA and RESPA are due to be dismissed. (Doc. 8 at 3-4). The only remaining claims are those under the FDCPA and Plaintiff's negligence claim. The court discusses each claim separately.

### 1. FDCPA

Defendants argue Plaintiff's claim under the FDCPA is due to be dismissed for two reasons. First, Defendants contend the complaint does not specify which

provisions of the FDCPA form the basis for her allegations, thus warranting dismissal. (Doc. 5-1 at 4). Second, Defendants assert Plaintiff does not allege either Defendant is a "debt collector," Plaintiff is a "consumer," or the obligation to Speedy Cash is a "debt" as those terms are defined by the FDCPA. (*Id*. at 5).

Although the court agrees with Defendants that Plaintiff's complaint does not name the specific provisions of the FDCPA forming the basis of her claim, in her opposition brief, Plaintiff asserts her complaint "states [a] valid violation of § 1692g and § 1692e" of the FDCPA. (Doc. 8 at 2). Additionally, although Plaintiff essentially concedes the other deficiencies in her complaint with regard to her FDCPA claim, the court is mindful the complaint was originally filed in the Circuit Court of Jefferson County under the pleading standard applicable in Alabama state court. As such, the court will allow Plaintiff to amend her complaint with regard to her FDCPA claim.

### 2. Negligence

Defendants make two arguments for dismissal with regard to Plaintiff's negligence claim. First, Defendants argue the requisite elements of a negligence claim are not alleged. (Doc. 5-1 at 7-8; Doc. 14 at 5-6). Second, Defendants argue that Patterson's negligence claim, to the extent it is based on alleged inaccurate

reporting to credit agencies, is preempted by the FCRA.[2] (Doc 5-1 at 8-9; Doc. 14 at 6-7).

In Alabama, "[t]he elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 679 (Ala. 2001). "It is settled that for one to maintain a negligence action the defendant must have been subject to a legal duty." *Morton v. Prescott*, 564 So. 2d 913, 915 (Ala. 1990). "Whether a legal duty exists is a question of law." *Rose v. Miller & Co.*, 432 So. 2d 1237, 1238 (Ala. 1983).

Defendants contend the complaint fails to allege Defendants owed a duty to Plaintiff, how any duty was breached, or how the alleged acts and omissions were the proximate cause of Plaintiff's injury. (Doc. 5-1 at 7-8). While the court generally agrees with Defendants' argument regarding the complaint's failure to plead the essential elements of a negligence claim, the court will allow Plaintiff to amend to articulate a claim under the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. (Doc. 5). With regard to Plaintiff's claims under the FCRA and RESPA, the motion is **GRANTED**, and Plaintiff's claims under the FCRA and RESPA are **DISMISSED WITH PREJUDICE**. With

---

[2] Because Plaintiff concedes her FCRA claim is not viable, this argument is now inapposite.

regard to her FDCPA and negligence claims, Plaintiff **SHALL** amend her complaint by June 21, 2018, keeping in mind the pleading standard required by the Federal Rules of Civil Procedure. The amended complaint must include all of Plaintiff's claims and must not refer back to the original complaint. Defendants' motion to dismiss with regard to these claims is **DENIED WITHOUT PREJUDICE**.

    **DONE** and **ORDERED** this 4th day of June, 2018.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE