UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MISTI PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:17-cv-01569-SGC |
| ) | |
| AD ASTRA RECOVERY SERVICE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION[1]

Presently pending is the motion to dismiss filed by the defendants, Speedy Cash and Ad Astra Recovery Services, Inc. (Doc. 21). The time to file any opposition to the motion has expired, and the plaintiff, Misti Patterson, has not responded. (*See* Doc. 13 at 5). For the reasons explained below, the motion is due to be granted in its entirety.

### I. PROCEDURAL HISTORY

Patterson originally filed this matter in the Bessemer Division of the Circuit Court of Jefferson County, Alabama, against Ad Astra, Speedy Cash, and several unnamed defendants, alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), the Real Estate Settlement Procedures Act ("RESPA"), and state common law. (Doc. 1-1). Ad Astra and

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 10).

Speedy Cash removed to this court, asserting federal question jurisdiction. (Doc. 1).

After removal, the defendants sought dismissal pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. (Doc. 5). The undersigned partially granted the motion to dismiss as to the RESPA and FCRA claims—which Patterson conceded—and denied the balance of the motion. (Doc. 15). As to the remaining claims, the undersigned ordered Patterson to amend; the memorandum opinion and order noted the court generally agreed with the defendants' arguments regarding the remaining claims but provided Patterson an opportunity to amend to comply with federal pleading standards in light of the removal from state court. (*Id.*).

Patterson filed an Amended Complaint on June 21, 2018, asserting claims for violations of the FDCPA and negligence against Speedy Cash and Ad Astra. (Doc. 17). On July 5, 2018, the defendants moved to dismiss the Amended Complaint under Rule 12(b)(6). (Doc. 21). The Initial Order governing this case requires parties to respond to motions to dismiss within fourteen (14) calendar days. (*See* Doc. 13 at 5). Patterson has not filed any opposition or otherwise responded to the motion to dismiss in the more than four intervening months. Accordingly, the motion is ripe for adjudication.

## II. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

To survive a motion to dismiss for failure to state a claim on which relief may be granted brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are

merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (quotation marks omitted).

As noted by other courts sitting in this district, a motion to dismiss is not automatically granted where a plaintiff fails to file a brief in opposition. *Gadson v. Ala. Dep't of Corr.*, No. 13-0105-VEH, 2013 WL 5230241, at *2 (N.D. Ala. *entered* Sept. 17, 2013). Rather, the movant still bears the initial burden of demonstrating entitlement to dismissal under Rule 12(b)(6). *Id.* In circumstances where a plaintiff fails to file an opposition to a motion to dismiss, courts sitting in this district have held the following legal standard applies:

> [T]he Court will review the merits of the movant's position and, if it is clearly incorrect or inadequate to satisfy the movant's initial burden, will deny the motion despite the nonmovant's failure to respond. If, however, the movant's presentation is adequate to satisfy its initial burden, the Court will not deny the motion based on arguments the nonmovant could have made but by silence elected not to raise.

*Id.* (alterations incorporated) (quoting *Branch Banking and Trust Co. v. Howard*, No. 12-0175, 2013 WL 172903, *1 (S.D .Ala. *entered* Jan. 16, 2013)).

### III. FACTS

The Amended Complaint alleges Speedy Cash wrote Patterson a letter in August 2016, demanding she make payments on a loan. (Doc. 17 at 1). Patterson contends she did not take out a loan with Speedy Cash and communicated this fact to Speedy Cash on numerous occasions. (*Id*.). During her initial telephone call

4

with Speedy Cash, Patterson voluntarily provided her social security number and birthday. (*Id.*). In September 2016, Speedy Cash presented loan documents Patterson contends reveal the loan, which was originated in California, was obtained by a third-party via identity theft. (*Id.*). Specifically, Patterson contends the only correct information on the loan documents was her address, date of birth, and the last four digits of her social security number. (*Id.* at 1-2).

Although Patterson notified Speedy Cash of the identity theft, "Speedy Cash continued their activities of trying to force the Plaintiff to make payments on a debt she did not incur." (Doc. 17 at 2). Speedy Cash then hired Ad Astra to attempt to collect the debt without notifying Patterson of the results of any investigation regarding the validity of the loan. (*Id.*). Further, despite knowing the debt was disputed and "having information before it that should have told a reasonable person that this particular Plaintiff was not the person who made this debt," Speedy Cash turned over the debt to Ad Astra. (*Id.*). Ad Astra, which also knew Patterson disputed the debt, nonetheless reported the debt to credit agencies, including TransUnion and Equifax. (*Id.*). Patterson alleges the actions of the defendants—which the Amended Complaint describes as "alter egos"—substantially impaired her ability to obtain loans and caused her to pay higher interest rates when she did borrow money. (*Id.*).

On these facts, the Amended Complaint asserts claims for negligence and violations of the FDCPA. (Doc. 17 at 2-3). Any specific facts applicable to these individual claims will be discussed in more detail below.

IV. **DISCUSSION**

The defendants have satisfied their initial burden of showing entitlement to dismissal. Each claim is addressed in turn.

A. **FDCPA Claim**

The FDCPA claim against Speedy Cash fails because, even accepting the facts in the Amended Complaint as true, Speedy Cash is not subject to FDCPA liability. Additionally, the Amended Complaint fails to allege facts sufficient to state a plausible FDCPA claim against Ad Astra.

1. **Speedy Cash**

To state a claim under the FDCPA, a complaint must allege facts sufficient to show the defendant is a "debt collector" as defined in the statute. The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Accordingly, a party can qualify as a "debt collector" either by using an "instrumentality of interstate commerce or the mails" in operating a business with the principal purpose of collecting debts or by "regularly" attempting

to collect debts owed to a third-party. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 (11th Cir. 2012). The Supreme Court has explained that the FDCPA's definition of "debt collector" generally does not include lenders seeking to collect debts on loans they originated. *Henson v. Santander Consumer USA, Inc.,* 137 S. Ct. 1718, 1721 (2017).

Accepting the allegations in the Amended Complaint as true, Speedy Cash is not a debt collector under FDCPA. First, the only allegations regarding the nature of Speedy Cash's business is that it "is mainly in the business of making loan[s] or pay day loans." (Doc. 17 at 1). Accordingly, the Amended Complaint fails to allege the principal purpose of Speedy Cash is debt collection; indeed, it alleges the converse. Nor does the Amended Complaint allege Speedy Cash regularly attempts to collect debts. Thus, Patterson has failed to allege Speedy Cash is a debt collector under the plain language of the FDCPA. Additionally, even if Speedy Cash did meet the statutory definition of a debt collector, it generally could not face FDCPA liability for attempts to collect a loan it originated. *Henson,* 137 S. Ct. at 1721.[2] For these reasons, the FDCPA claim against Speedy Cash is due to be dismissed for failure to state a claim.

---

[2] To the extent Patterson might rely on the Amended Complaint's description of the defendants as "alter egos," this allegation is entirely conclusory.

### 2. Ad Astra

As to Ad Astra, the Amended Complaint's contention that it is a "debt recovery and credit reporting business" probably is sufficient to plausibly allege it is a debt collector under the FDCPA. (Doc. 17 at 1). The Amended Complaint alleges Ad Astra violated the FDCPA by: (1) failing to report the debt as disputed and using a false name under section 1692e; (2) seeking to collect an amount not authorized by contract under section 1692f; (3) refusing to validate the debt under 1692g; and (4) communicating directly with Patterson under sections 1692b and c. (Doc. 17 at 2-3). Each section of the FDCPA invoked in the Amended Complaint is addressed in turn.

#### a. Section 1692e

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means" to collect a debt. The thrust of Patterson's FDCPA claim against Ad Astra is that it attempted to collect a debt she did not owe and failed to report the debt as disputed. (Doc. 17 at 3). Both of these contentions depend on Patterson showing Ad Astra actually knew the debt was disputed—that Patterson contended she did not take out the loan. *See, e.g., Campbell v. MBI Assocs., Inc.*, 98 F. Supp. 3d 568, 585 (E.D.N.Y. 2015). However, while the Amended Complaint asserts Paterson communicated her dispute of the debt to Speedy Cash, it does not plausibly allege Ad Astra knew of

this dispute. Indeed, at least one allegation in the Amended Complaint contradicts any such contention. (Doc. 17 at 2) (stating Speedy Cash hired Ad Astra to collect the debt without "notice that Plaintiff disputed the debt in question"). To the extent the Amended Complaint does contend Ad Astra knew the debt was disputed, the allegations are wholly threadbare and conclusory. The same is true to the extent Patterson asserts violations of section 1692e by Ad Astra's use of another name.[3] Accordingly, the complaint fails to state a claim against Ad Astra under section 1692e.

### b. Section 1692f

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." The plaintiff contends Ad Astra violated this provision of the FDCPA by seeking to collect a debt she did not owe. (Doc. 17 at 2). Again, this claim depends on Ad Astra's knowledge of Patterson's dispute concerning the validity of the debt. *See, e.g., Knighten v. Palisades Collections, LLC*, 721 F. Supp. 2d 1261, 1266 (S.D. Fla. 2010), *clarified on denial of reconsideration,* 2011 WL 835783 (S.D. Fla. Mar. 4, 2011) (debt collector could not engage in "unfair or unconscionable" conduct prohibited by § 1692f where it was unaware of external circumstances making its collection efforts improper). As noted above, these allegations are lacking.

---

[3] To the extent Patterson might rely on the Amended Complaint's description of the defendants as "alter egos," this allegation is entirely conclusory.

Accordingly, any claims against Ad Astra under section 1692f are due to be dismissed for failure to state a claim.

      c.     <u>Section 1692g</u>

Among the requirements imposed by section 1692g is that debt collectors cease collection efforts or verify a debt on receipt of the consumer's written notice that a debt is disputed. 15 U.S.C. § 1692g(b).[4] Here, the Amended Complaint contends Ad Astra continued collection efforts and did not validate the plaintiff's debt despite the fact she contested the debt. (Doc. 17 at 2). In addition to the foregoing conclusions regarding the Amended Complaint's failure to allege Ad Astra knew the debt was contested, the Amended Complaint completely fails to allege: (1) Patterson provided timely written notice to Ad Astra that the debt was contested; or (2) that Ad Astra continued to pursue collections after receiving any such notice. Accordingly, the Amended Complaint fails to state a claim against Ad Astra under section 1692g. *See Birdette v. Capitol One Bank (USA), N.A.*, No. 12-11640-F, 2012 WL 8319317, at *1-*2 (11th Cir. July 25, 2012) (affirming 12(b)(6) dismissal of threadbare § 1692g claims under similar circumstances).

      d.     <u>Sections 1692b & c</u>

These provisions of the FDCPA concern debt collectors' communications. Section 1692b addresses a debt collector's communications with third-parties to

---

[4] The consumer must give this written notice within thirty (30) calendar days.

acquire information about the consumer's location. The complaint is devoid of any such allegations concerning Ad Astra's communications with third-parties. Section 1692c concerns a debt collector's communications with consumers and, among other things, prevents a debt collector from communicating with a consumer where "the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2).

Aside from the Amended Complaint's threadbare and conclusory allegations, it does not allege Patterson was represented by an attorney, much less facts plausibly indicating Ad Astra knew this fact. *See Garrison v. Caliber Home Loans, Inc.*, 233 F. Supp. 3d 1282, 1292 (M.D. Fla. 2017) (complaint stated claim under § 1692c by alleging specific facts showing debt collector knew the plaintiff was represented by counsel). Indeed, while the Amended Complaint contends Speedy Cash communicated with Patterson, it does not allege Ad Astra ever did so. Accordingly, any claim against Ad Astra under sections 1692b and c are due to be dismissed for failure to state a claim.

**B.  Negligence**

As noted by the defendants, other courts sitting in Alabama—including at least one sitting in this district—have held debt collection efforts do not give rise to a claim for negligence under Alabama law. *Thompson v. Resurgent Capital Servs.,*

*L.P.,* No. 12-1018-JEO, 2015 WL 1486974 at *26 (N.D. Ala. Mar. 31, 2015) (citing *Winberry v. United Collection Bureau, Inc.,* 697 F. Supp. 2d 1279, 1293-94 (M.D. Ala. 2010). Accordingly, the plaintiff's negligence claim is due to be dismissed for failure to state a claim.

## V. CONCLUSION

The defendants have satisfied their initial burden of showing entitlement to dismissal under Rule 12(b)(6); Patterson has not responded. For all of the foregoing reasons, the defendants' motion to dismiss (Doc. 21) is due to be granted, and the claims in the Amended Complaint are due to be dismissed for failure to state a claim. A separate order will be entered.

**DONE** this 27th day of November, 2018.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE